**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | |
|---|---|
| DON CHISUM, Individually and For Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>CARRIZO OIL & GAS, INC., CALLON PETROLEUM COMPANY, and CALLON PETROLEUM OPERATING COMPANY,<br><br>  Defendants. | Case No. 4:20-cv-00051<br><br>Jury Trial Demanded<br><br>Collective Action |

**ORIGINAL COMPLAINT**

**SUMMARY**

1.  Don Chisum (Chisum) brings this lawsuit to recover unpaid overtime wages and other damages from Carrizo Oil & Gas, Inc. (Carrizo), Callon Petroleum Company, and Callon Petroleum Operating Company (the Callon Defendants, collectively, "Callon") (Carrizo and Callon, collectively, "Defendants") under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq*.

2.  Chisum worked for Carrizo and Callon as a Wellsite Consultant from approximately April 2014 until April 2020.

3.  Chisum and the other similarly situated workers who worked for Defendants in the last three years regularly worked more than 40 hours a week.

4.  But these workers never received overtime for the hours they worked in excess of 40 hours in a single workweek.

5.  Instead of receiving overtime as required by the FLSA, Defendants classified Chisum and other similarly situated workers as independent contractors and paid these workers a flat amount for each day worked (a day-rate) without overtime compensation.

6. Neither Chisum, nor any other similarly situated workers who worked for Defendants and received a day-rate, received a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper under 28 U.S.C. § 1391(b).

10. Defendants conduct substantial business operations in this District and Division.

11. Chisum worked for Defendants in this District and Division.

## PARTIES

12. Chisum worked for Defendants as a Wellsite Consultant from approximately April 2014 until April 2020.

13. Throughout his employment with Defendants, Chisum was classified as an independent contractor and paid a day-rate with no overtime compensation.

14. Chisum's relationship with Defendants was an employer/employee relationship.

15. Chisum's written consent is attached as Exhibit A.

16. Chisum brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Defendants' day-rate system.

17. Although these workers regularly worked more than 40 hours each week, Defendants paid these workers a flat amount for each day worked and with no overtime compensation for the hours they worked in excess of 40 each week in violation of the FLSA.

18. The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All oilfield workers employed by, or working on behalf of, Carrizo Oil & Gas and Callon Petroleum Company who were classified as independent contractors and paid a day-rate with no overtime at any time during the past three (3) years** (the Putative Class Members).

19. The Putative Class Members are easily ascertainable from Carrizo's business and personnel records.

20. Defendant Carrizo Oil & Gas, Inc. may be served through its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

21. Defendant Callon Petroleum Company may be served through its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

22. Defendant Callon Petroleum Operating Company may be served through its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

23. At all relevant times, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

24. At all relevant times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

25. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Defendants have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and oilfield equipment - that have been moved in or produced for commerce.

26. In each of the last three years, Defendants each have had annual gross volume of sales made or business done of at least $1,000,000.

27. At all relevant times, Chisum and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

28. Defendants treated Chisum and the Putative Class Members as employees and uniformly dictated the pay practices applied to Chisum and the Putative Class Members.

29. Defendants' misclassification of Chisum and the Putative Class Members as independent contractors does not alter their status as employees for purposes of the FLSA.

30. Defendants' uniform day-rate scheme, depriving their workers of overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

31. Carrizo operates throughout the United States, and is headquartered in Houston, Texas.

32. Callon operates throughout the United States, and is headquartered in Houston, Texas.

33. In December of 2019, Carrizo and Callon merged.

34. In order to create the goods, and provide the services, Defendants market to their customers, Defendants employ oilfield personnel like Chisum and the Putative Class Members.

35. These oilfield workers carry out the hands-on, day-to-day production work of Defendants.

36. Defendants paid Chisum and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek or a guaranteed salary.

37. For example, Chisum worked for Carrizo and then Defendants (after the merger) from approximately April 2014 until December 2019.

38. Chisum was paid on a day-rate basis.

39. Chisum did not receive overtime pay.

40. Chisum was not paid a guaranteed salary.

41. Defendants typically scheduled Chisum to work 12 hour shifts, for as many as 7 days a week.

42. This means Chisum often worked 84 hours a week.

43. In each 84 hour week, Chisum was not paid overtime for the 44 hours of overtime worked.

44. During each year of his employment, Chisum regularly worked well in excess of 40 hours in a workweek.

45. The work Chisum performed was an essential part of producing Defendants' core products and/or services.

46. During Chisum's employment with Defendants, Defendants exercised control (directly or jointly through other companies) over all aspects of Chisum's job.

47. Chisum did not make any substantial investment in order to perform the work Defendants required of him.

48. Defendants determined Chisum's opportunity for profit and loss.

49. Defendants determined the amount of money they would pay for the services Chisum provided to them.

50. Chisum's earning opportunity was based on the number of days Defendants scheduled him to work.

51. Chisum was not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in the same job position) to perform their job duties.

52. Chisum was not employed by Defendants on a project-by-project basis, but rather on a consistent basis.

53. While Chisum was classified as an independent contractor, he was regularly on call for Defendants and was expected to drop everything and work whenever needed.

54. Defendants controlled all the significant and meaningful aspects of the job duties

performed by Chisum.

55. Defendants controlled the hours and locations Chisum worked, the tools he used, and the rates of pay he received.

56. Even when Chisum worked away from Defendants' offices or job sites without the presence of a direct supervisor, Defendants still controlled all aspects of Chisum's job activities by enforcing mandatory compliance with Defendants and/or their client's policies and procedures.

57. More often than not, Chisum utilized equipment provided by Defendants to perform his job duties.

58. Chisum did not provide the essential equipment he worked with on a daily basis.

59. Defendants made the large capital investments in buildings, machines, equipment, tools, and supplies in the business that Chisum worked in.

60. Chisum did not incur operating expenses like rent, payroll, marketing, and insurance.

61. Chisum was economically dependent on Defendants during his employment.

62. Defendants determined the amounts they would pay for Chisum's services.

63. Defendants determined Chisum's work schedule, and prohibited him (formally or practically) from working other jobs for other companies while they were working on jobs for Defendants.

64. Very little skill, training, or initiative, in terms of independent business initiative, was required of Chisum to perform his job duties.

65. Indeed, the daily and weekly activities of Chisum and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Defendants.

66. Virtually every job function performed by Chisum and the Putative Class Members was pre-determined by Defendants and/or their clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

67. Chisum and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

68. For the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to oil and gas operations in the field.

69. All of the Putative Class Members perform the similar job duties and are subjected to the similar policies and procedures which dictate the day-to-day activities performed by each person.

70. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

71. The Putative Class Members regularly worked in excess of 40 hours each week.

72. Like Chisum, the Putative Class Members were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

73. Defendants did not pay the Putative Class Members on a salary basis.

74. Defendants paid the Putative Class Members on a day-rate basis.

75. Defendants failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

76. Defendants knew, or acted with reckless disregard for whether, Chisum and the Putative Class Members were misclassified as independent contractors.

77. Upon information and belief, Defendants classify other workers who perform substantially similar work, under similar conditions, as employees.

78. For example, Carrizo classified one or more of its wellsite consultants as an "employee" for the purposes of withholding employment taxes.

79. Carrizo classified one or more of its wellsite consultants as an "employee" for the purposes of its ERISA benefit plans.

80. Defendants' policy of failing to pay Chisum and the Putative Class Members overtime violates the FLSA because these workers are, for the purposes of the FLSA, employees.

81. Defendants' day-rate system violates the FLSA because Chisum and the other day-rate workers classified as independent contractors did not receive any pay for hours worked over 40 hours each week and were not guaranteed a salary.

82. Because Chisum and the Putative Class Members were misclassified as independent contractors by Defendants, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

## FLSA VIOLATIONS

83. Defendants violated, and are violating, the FLSA by employing Chisum and the Putative Class Members for workweeks longer than 40 hours without paying them overtime.

84. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Chisum and the Putative Class Members overtime.

85. Defendants' failure to pay overtime to Chisum and the Putative Class Members was not reasonable, nor was the decision not to pay overtime made in good faith.

86. Accordingly, Chisum and the Putative Class Members are entitled to overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

87. The illegal pay practices Defendants imposed on Chisum were likewise imposed on the Putative Class Members.

88. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

89. Numerous other individuals who worked with Chisum were classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by the FLSA.

90. Based on his experiences and tenure with Defendants, Chisum is aware that Defendants' illegal practices were imposed on other Putative Class Members.

91. The Putative Class Members were improperly classified as independent contractors and not paid overtime when they worked in excess of 40 hours per week.

92. Defendants' failure to pay overtime at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

93. Chisum's experiences are therefore typical of the experiences of the Putative Class Members.

94. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

95. Chisum has no interests contrary to, or in conflict with, the Putative Class Members.

96. Like each Putative Class Member, Chisum has an interest in obtaining the unpaid overtime wages owed under the FLSA.

97. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

98. Absent a collective action, many members of the Putative Class Members will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA.

99. Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

100. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

101. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendants employed the Putative Class Members within the meaning of the FLSA;

    b. Whether the Putative Class Members were improperly misclassified as independent contractors;

    c. Whether Defendants' decision to classify the Putative Class Members as independent contractors was made in good faith;

    d. Whether Defendants' decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    e. Whether Defendants' violation of the FLSA was willful; and

    f. Whether Defendants' illegal pay practices were uniformly applied to the Putative Class Members.

102. Chisum and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform employment policy.

103. Chisum knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

104. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

105. Chisum demands a trial by jury.

## RELIEF SOUGHT

106. WHEREFORE, Chisum prays for judgment against Defendants as follows:

   a. An Order designating the Putative Class Members as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order appointing Chisum and his counsel to represent the interests of the Putative Class Members;

   c. For an Order finding Carrizo liable to Chisum and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

   d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 308410
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Richard M. Schreiber**
Texas Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
**Attorneys for Plaintiffs**