UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| DON CHISUM, Individually and For Others Similarly Situated,<br><br>v.<br><br>CARRIZO OIL & GAS, INC., CALLON PETROLEUM COMPANY, and CALLON PETROLEUM OPERATING COMPANY, | Case No. 4:20-cv-00051-DC<br><br>Jury Trial Demanded<br><br>Collective Action |

### PLAINTIFFS' UNOPPOSED MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT

**SUMMARY**

Don Chisum (Chisum), on behalf of himself, the Opt-in Plaintiffs, and the Putative Class Members (collectively, with Chisum and the Opt-in Plaintiffs, "Plaintiffs") move to approve the Settlement Agreement in this matter between Plaintiffs and Defendants Carrizo Oil & Gas, Inc. Callon Petroleum Company, and Callon Petroleum Operating Company (collectively "Defendants") (collectively, with Plaintiffs, the "Parties"). The Parties have reached a Settlement Agreement with respect to this Fair Labor Standards Act (FLSA) case. The Settlement Agreement represents the culmination of investigation, extensive litigation, and negotiation. If approved, it will provide meaningful relief to Plaintiffs.

This Settlement Agreement is the compromise of disputed claims and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation; of any violation of any of Plaintiffs' rights; or of any duty owed by Defendants to Plaintiffs. Defendants expressly deny Plaintiffs' claims and disputes Plaintiffs' entitlement to recover any damages; and disagrees with Plaintiffs as to, for example and without limitation: the number of hours Plaintiffs actually worked; whether Plaintiffs were exempt under one or more exceptions to the FLSA's overtime requirements; whether Plaintiffs were similarly situated; whether Defendants alleged FLSA violations

1

were made in good faith and on reasonable grounds; whether Plaintiffs were properly classified as independent contractors; and whether Defendants' alleged FLSA violations were willful.

The Parties have entered into their Settlement Agreement as a compromise to avoid the risks, distractions, and costs that will result from further litigation. For these reasons, Plaintiffs request the Court approve the Parties' Settlement Agreement and dismiss Plaintiffs' claims with prejudice.

### ARGUMENT & AUTHORITIES

1. **The Parties have agreed upon a formal settlement agreement.**

The Settlement Agreement attached to this motion has already been agreed upon and executed by the Parties. *See* Ex. 1 (filed under seal). Under the Settlement Agreement, one-half of each Plaintiffs' individual settlement amount will be characterized as wages and the other half as liquidated damages and interest for tax withholding and reporting purposes. The settlement amounts have been allocated to each Plaintiff based upon their time worked. In addition to the settlement payment, Defendants will pay the employer's portion of any payroll taxes due. Plaintiffs will release their wage and hour claims only if they return a consent and release form and negotiate the settlement check. Plaintiffs also ask, consistent with the Parties' settlement, that the Court appoint Simpluris as the third-party Administrator. Further, Plaintiffs seek dismissal and Court approval of the following payments: (i) Service Awards to Named Plaintiff Chisum and Opt-in Plaintiffs Bob Onstott, Daniel Arceneaux, and Troy Divine in the amount of $12,500.00 each; (ii) Attorneys' Fees equal to 40% of the Settlement and reasonable litigation costs; and (iii) settlement administration fees to the Administrator in an amount not to exceed $10,000.

2. **The settlement represents a reasonable compromise of this litigation.**

This Settlement provides Plaintiffs with a substantial recovery for their alleged unpaid overtime wages, which is commensurate with the disputed nature of Plaintiffs' claims. Defendants dispute Plaintiffs' claims as to liability and amount.

All Parties are represented by experienced counsel. Class Counsel has served as lead counsel in numerous large-scale wage and hour class/collective actions. *See, e.g., Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183 (6th Cir. 2017) (reversing trial court's grant of summary judgment in favor of defendant); *Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs).

The Parties and their respective Counsel agree the Settlement Agreement is a fair and reasonable compromise of the claims alleged by Plaintiffs in light of the procedural posture of the case, the litigation risks, and the litigation costs to all Parties. The Parties have engaged in arm's-length and extended settlement negotiations. Because the Settlement is a fair and reasonable compromise and adequately compensates the participants for the unpaid overtime hours alleged by the Plaintiffs, Plaintiffs seek entry of the submitted Order Approving Settlement. The Settlement Agreement is a fair and reasonable resolution of a bona fide dispute.

The Fifth Circuit has set out six factors for evaluating settlement proposals: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

First, the settlement is a product of the extended negotiations of the Parties and significant follow-up work. There was no fraud or collusion by any participant.

Further, as detailed further below regarding factors 2 through 5, this case was settled after extensive work by the Parties and their Counsel. Prior to settlement, the Parties engaged in highly contested motion practice; extensive written discovery; review of thousands of pages of documents;

multiple depositions: worked together to resolve various complex, disputed issues, such as issues regarding damage calculations, misclassification, and exemption defenses. And, if the case were not settled, there would be extensive work to come, including dispositive motions, additional depositions, associated discovery disputes, and questions regarding applicability of the FLSA, good faith and willfulness, certification, and decertification. So clearly, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and (Plaintiffs in particular) recognized that their settlement represented a compromise of the range and certainty of their damages. *Id.*

The Parties also had a bona fide good faith dispute over the potential damages and amount of overtime hours worked, if any. After exchanging payroll data, the Parties exchanged damage calculations, and other information. The Parties had vastly different views of the potential amount of damages. They specifically had factual disputes over how many hours the Plaintiffs worked, total remuneration to be included in the overtime compensation, the number or weeks Plaintiffs worked overtime, and whether the two or three year statute of limitations should apply to the Plaintiffs' claims. Resolving these factual disputes would have required extensive work and detailed and additional costly discovery. Both Parties had considerable risk, even assuming Plaintiffs could establish liability, Plaintiffs risked recovering nothing to minimal back pay and Defendants risked an adverse judgment.

Finally, the belief this settlement in the best interest of the Plaintiffs is an opinion shared by Class Counsel and the class representative, Chisum.

3. **<u>Attorney fees and litigation expenses are reasonable.</u>**

The Court may begin its analysis of a contingent attorney fee by looking at fees awarded in other courts, particularly in the Fifth Circuit. The Fifth Circuit recognizes that contingency fees are desirable because it is predictable, encourages settlement, and reduces incentives for protracted litigation. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643-44 (5th Cir. 2012) (adding, "[D]istrict courts

4

in this Circuit regularly use the percentage method blended with a *Johnson* reasonableness check, and for some it is the 'preferred method.'").

Within the Fifth Circuit, customary contingency fees for class funds have ranged from 33.33% to 50%. *See In re Bayou Sorrell Class Action*, No. 6:04-cv-1101, 2006 WL 3230771 (W.D. La. Oct. 31, 2006) (Haik, C.J.) (awarding, in a percentage/*Johnson* analysis, attorney fees of 36%). In FLSA cases such as this,[1] the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%.[2] *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Indeed, Courts within the Fifth Circuit regularly approve FLSA contingency fee arrangements of 40%, finding it to be fair and reasonable in light of the customary contingency fee arrangements in this community. *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017); *see also Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (approving attorney fees of 40%). Courts routinely approve settlements that includes an agreed upon fee equal to 40% of the common fund (in very similar litigation). *See Whitaker v. BHP Billiton Petroleum (Americas) Inc.*, No. 4:17-cv-02698, at ECF No. 30 (S.D. Tex. Aug. 7, 2019) (approving settlement agreement and 40% attorneys' fees in a case involving drilling consultants paid a day-rate); *Whitlow v. Crescent Consulting, LLC*, No. 5:16-cv-01330, at ECF No. 189 (W.D. Okla. April 1, 2019) (approving settlement for drilling consultants paid a day-rate and 40% attorneys' fees); *Jones v. Bison Drilling and Field Services, LLC*, No. 7:17-cv-00167, at ECF Nos. 32 & 35 (W.D. Tex. Feb. 2019) (approving 40% fee in settlement for workers allegedly misclassified as independent contractors); *Brite v. Great Plains Analytical Services, Inc.*, No. 7:18-cv-00153, at ECF No. 24 (W.D. Tex. Feb. 12, 2019) (approving 40% fee in FLSA settlement);

---

[1] Other types of actions may involve concerns not present in an FLSA matter such as this. For example, Rule 23 class actions have unique procedural rules not applicable to an FLSA case, and notably bind nonparticipating class members, while an FLSA action requires an affirmative decision by putative class members to opt-in. Likewise, this case does not invoke the unique concerns involved in a maritime injury, where the court must be mindful of its role in protecting award of admiralty.

[2] The Fifth Circuit notes this was the customary fee for cases "against the government," but Class Counsel does not believe this distinction to be material.

*Matthews v. Priority Energy Servs., LLC*, No. 6:15CV448, 2018 WL 1939327, at *1 (E.D. Tex. Apr. 20, 2018), adopted, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (same); *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (same); *see also Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (approving attorney fees of 40%); *Green-Johnson v. Fircroft*, et al., No. 4:12-cv-01307 (S.D. Tex., April 3, 2013); Doc. 50 (approving 40% contingency fee in an FLSA collective action); *Covey, et al. v. Iron Cactus, et al.;* No. 1:12-cv-00111-SS (W.D. Tex. August 6, 2013) (approving 40% contingency fee in FLSA collective action); *Villarreal, et al. v. Source Refrigeration & HVAC, Inc.*; No. 1:12-cv-00243 (W.D. Tex., October 8, 2013), Doc. 71 (approving 40% contingency fee in FLSA collective action).

Plaintiffs request the court approve the attorneys' fees of Class Counsel as stated in the settlement agreement. Such fees are justified as a matter of contract, but especially in this case where counsel worked diligently on a contingency basis. *See Singer v. Wells Fargo Bank, N.A.*, 5:19-CV-00679, 2020 WL 10056302, at *2 (W.D. Tex. July 14, 2020) (approving 40% contingency fee in an FLSA collective action).

In evaluating a contingency fee award, the Court may look at the factors set forth in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974). The *Johnson* factors include the following of import in this case: (1) the time and labor required; (2) the novelty and difficulty of the questions posed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; and (10) awards in similar cases.

Regarding the time and efforts required of Class Counsel (factors 1 and 7), the Parties engaged in extensive disputes regarding Court authorized notice, discovery, depositions, independent

contractor status, application of the economic realities test, change in case law related to whether a day rate constitutes a guaranteed salary, damage models, damage calculations, and hours worked by the Plaintiffs. This represents a significant devotion of time to reach resolution of this case. Further, this case has been pending for roughly a year and a half.

Second, the separately-negotiated, agreed contingency fee (factors 5, 6, and 10) in the Professional Services Agreement between Chisum and Class Counsel provides for a contingency fee of 40% of the gross settlement amount, which is in line with Fifth Circuit precedent. *See supra* at *5-6. Chisum was aware of, and agreed to, the contingency fee nature of the relationship. Finally, while neither party is deemed the prevailing party in the Settlement Agreement, the FLSA mandates payment of attorneys' fees to prevailing plaintiffs. *See Ellis v. Viking Enterprises, Inc.*, 5:18-CV-00772, 2019 WL 6271784, at *8 (W.D. Tex. Nov. 22, 2019).

Next, Class Counsel's skill, knowledge, reputation, and experience (factors 2, 3, and 9) are well-recognized in FLSA cases such as this. *See, e.g.*, *Hughes*, 878 F.3d at 184; *Roussell*, 2011 WL 4067171 at *1(affirming jury verdict in FLSA collective action); *Belt*, 444 F.3d 403 (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). FLSA collective action cases such as this are the main focus of Class Counsel's docket. Although Class Counsel is based in Texas, both BRUCKNER BURCH PLLC and JOSEPHSON DUNLAP LLP have a national docket of FLSA cases, with litigation across the United States, not only in Texas, but also in California, Colorado, Illinois, Louisiana, New Mexico, Ohio, Oklahoma, Pennsylvania, South Dakota, Utah, Virginia, West Virginia, Arizona, Delaware, Georgia, New York, Washington, Nebraska, Massachusetts, and elsewhere. In recent years, Class Counsel's joint docket has carried around or over 250 cases involving collective action claims for workers.

Class Counsel's experience has caused them to review and become familiar with a large body of documents and information concerning FLSA litigation, which benefits cases such as this and

7

maximizes the settlement value of the case. Class Counsel's experience in this field has also resulted in a familiarity with the evidence and testimony necessary to the successful prosecution of cases such as this. Indeed, as one court expressly noted regarding Class Counsel, "the firms involved in this case on the Plaintiffs' side [including BRUCKNER BURCH] are **among the most experienced and best regarded in this specialized practice area**." *Kurgan v. Chiro One Wellness Ctrs., LLC*, No. 10-CV-1899, 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015). Further, Class Counsel's acceptance of this case (factor 4), and the considerable time that it has taken to work this case, has precluded time that they could have spent pursuing other matters.

Finally, "the most critical factor in determining a fee award is the degree of success obtained" (factor 8). *Singer,* 324 F.3d at 829. The degree of success here is high because Defendants' contested Plaintiffs' claims and denied that Plaintiffs were improperly paid, misclassified, or that any alleged damages are owed. The Settlement does not present indicia that it was the product of collusion between the Parties at the expense of Plaintiffs. As explained above, because Class Counsel's substantial work to-date has "bought" a recovery for the Plaintiffs.

For these reasons, Plaintiffs believe a fee of 40% is reasonable and necessary in this case. Class Counsel also seeks reimbursement of their advanced litigation expenses as outlined in the Settlement Agreement.

4. **Plaintiffs' attorney fees are part of the settlement agreement between the Parties.**

As part of the Settlement, the Parties have agreed that Plaintiffs' Counsel is entitled to a total of 40% of the gross settlement amount. This is the agreement that the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) ("[T]he court cannot modify the bargained-for terms of the [class-action]

8

settlement agreement."); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), *reh'g en banc denied sub nom. In re Deepwater Horizon—Appeals of the Economic and Property Damage Class Action Settlement*, 756 F.3d 320 (5th Cir. 2014), *cert. denied sub nom. BP Exploration & Prod, Inc. v. Lake Eugenie Land & Dev., Inc.*, 135 S.Ct. 754 (2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526, at *3 (E.D. La. Jan. 23, 1996) (overruling magistrate judge's modification to consent judgment because courts lack authority to modify a settlement agreement); *Melgar v. OK Foods*, 902 F.3d 775 (8th Cir. 2018) (reversing district court's reduction of attorney fees from the agreed-upon settlement amount in an FLSA action).

Because the amount of and provisions regarding payment of attorney fees is an unseverable part of the Settlement Agreement, Plaintiffs stress that a rejection of this (or another portion) of the Settlement Agreement will result in a failure of the Parties' agreement and the resumption of litigation.

5. **The Court should approve the enhancement awards.**

Chisum and the Opt-in Plaintiffs took on a substantial burden in bringing the claims relating to Defendants' alleged wage and hour violations.[3] Moreover, Chisum, Onstott, Divine, and Arceneaux expended significant effort and time in educating his Counsel regarding the Plaintiffs' job experiences and Defendants' policies and procedures. They reviewed and answered formal written discovery. Chisum and Divine assisted in the litigation by preparing for their depositions and being deposed. Chisum, Onstott, Divine, and Arceneaux also participated in dozens of telephone conferences with Class Counsel and their staff over the course of the litigation.

---

[3] The issue of potential retaliation also was hotly contested in this matter as evidenced by Plaintiffs' Emergency Motion for Conditional Certification [Doc. 9]. Defendants denied any form of retaliation.

Because Chisum, Onstott, Divine, and Arceneaux undertook significant personal burdens in representing the interests of the Plaintiffs and worked diligently to ensure the Plaintiffs could recover the wages they are allegedly due the proposed $12,500.00 incentive awards agreed to by the Parties is reasonable to compensate them

## CONCLUSION

Plaintiffs and Class Counsel believe they have obtained a successful recovery on behalf of the entire class. The Settlement Agreement reached will provide fair relief to all Plaintiffs. The Court should approve the Settlement Agreement reached by the Parties, dismiss the case with prejudice, approve the method and forms to facilitate the settlement, approve Class Counsel's attorneys' fees and costs, approve Simpluris as the settlement administrator, and approve the enhancement awards.

Respectfully submitted,

By: **/s/ Richard M. Schreiber**
Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
Richard M. Schreiber
Texas Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone:    (713) 352-1100
Telecopier:    (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone:    (713) 877-8788
Telecopier:    (713) 877-8065
rburch@brucknerburch.com

## CERTIFICATE OF SERVICE

On May 9, 2022, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

**/s/ Richard M. Schreiber**
Richard M. Schreiber

## CERTIFICATE OF CONFERENCE

I conferred with Counsel for Defendants, who is agreed to the relief sought in this Motion.

**/s/ Richard M. Schreiber**
Richard M. Schreiber